IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin Smith,
*individually and on behalf of all others
similarly situated,*

Case No. 3:26 CV 443

Plaintiff,

<u>ORDER DISMISSING CASE</u>

-vs-

JUDGE JACK ZOUHARY

Midwest Tape, LLC,

Defendant.

### INTRODUCTION

This case concerns whether Plaintiffs Kevin Smith and Lyly Tran must arbitrate the claims they assert against Defendant Midwest Tape, LLC d/b/a Hoopla.  Smith filed this action in the Northern District of California in December 2024 (Doc. 1).  Defendant moved to compel arbitration (Doc. 26).  Plaintiffs opposed that Motion, and Defendant replied (Docs. 35, 38).

Plaintiffs also filed an Amended Complaint adding Tran and expanding the factual allegations and claims (Doc. 33).  Defendant responded by filing a second Motion to compel arbitration directed to Tran's claims (Doc. 43).  Another Opposition and Reply followed (Docs. 45, 47).  Prior to ruling on the arbitration issue, the court transferred the case to this Court, after determining that the Terms and Conditions of Use ("TOU") contained a valid forum-selection clause requiring disputes relating to the Hoopla platform to proceed here in Ohio (Doc. 63).

The issue of arbitration is fully briefed.  Plaintiffs contend the Federal Arbitration Act ("FAA") does not apply, and the arbitration and delegation provisions are unenforceable under California law (Docs. 35, 45).  Defendant responds that both Plaintiffs agreed to arbitration under the TOU, and those terms delegated threshold questions of arbitrability to the arbitrator (Docs. 26, 38, 43, 47).

### DISCUSSION

From the original filings, including the TOU, the Declarations, and the Transfer Order, it is clear the Motion to Compel Arbitration should be granted.

Defendant's request turns on whether Plaintiffs agreed to arbitrate disputes relating to the platform.  On that point, Defendant relies principally on the Declarations of Christopher Merritt, a Midwest Tape employee, who is familiar with Hoopla's registration process, account records, and the TOU (Docs. 26-1 at 3; 43-1 at 3–4).  Merritt says Smith registered in March 2021 and accepted the August 23, 2021 TOU on November 26, 2021, and Tran registered in April 2019 and accepted the same TOU on November 3, 2021 (Docs. 26-1 at 4; 43-1 at 4).  Further, users could not register for, or continue using the platform, without agreeing to the TOU (Docs. 26-1 at 4–6; 43-1 at 4–6).

The TOU contains the arbitration and governing-law language.  It provides claims relating to the platform, associated software, and content must be resolved through "final and binding arbitration before a single arbitrator in Lucas County, Ohio" (Doc. 26-1 at 14).  It further states that use of the platform "will be governed by and interpreted pursuant to the laws of the United States of America and the State of Ohio" (*id.*).  And it provides that "[t]he American Arbitration Association (AAA) will administer the arbitration under its Commercial Arbitration Rules and Supplementary Procedures for Consumer Related Disputes" (*id.*).  Under these provisions, this case must be dismissed for four reasons.

First, Plaintiffs' claims fall within the broad scope of the arbitration clause.  The TOU applies to claims "relating to the Platform, software for or associated with the Platform, and/or Content." (*id.*).  The claims here fit squarely within that broad language.  *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (holding an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute") (citation omitted).  Plaintiffs allege Defendant unlawfully collected and shared information generated when they used Hoopla's platform to search for and borrow reading and video materials (Doc. 33 at ¶¶ 7–25).  The Transfer Order described the case

the same way, noting that Plaintiffs used Hoopla's "web-based library service" and allege Defendant illegally shared information about their reading and video-viewing preferences with third parties (Doc. 63 at 1). Those claims plainly "relat[e] to the Platform" and therefore fall within the scope of arbitration. *See Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (noting "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration") (citation omitted).

Second, the FAA applies. The Act reaches contracts "involving commerce," and that phrase is read broadly. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995) (noting the Act "embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause") (citation omitted); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 57–58 (2003) (holding that transactions with "local" features still fall under the FAA so long as they affect interstate commerce). The Amended Complaint alleges Defendant, an Ohio company, operates a nationwide digital-content platform (Doc. 33 at ¶ 26). The TOU likewise describes Hoopla as a software- and content-based platform hosted throughout the United States and accessible more broadly (Doc. 26-1 at 14). On this record, the relationship is an interstate digital-content arrangement that falls within the FAA, as opposed to a purely local transaction. Because the FAA applies, this Court must enforce the arbitration agreement according to its terms. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

Third, even if the FAA did not apply, Ohio law would still govern contract formation and interpretation because the TOU says so. This conclusion is reinforced by the Transfer Order. The Northern District of California found the Ohio forum-selection clause in the TOU was valid and enforceable, rejected Plaintiffs' waiver argument, and transferred the case here because the parties had agreed to resolve disputes in Ohio (*see* Doc. 63 at 2–3). This Court cannot enforce the Ohio forum-selection clause, while disregarding the immediately adjacent Ohio choice-of-law clause in the same

3

provision.  Under Ohio law, assent turns on objective manifestation.  And the Declarations are sufficient to show both Plaintiffs assented to the arbitration clause.  *See Stansberry v. Raising Cane's USA, LLC*, 2022 WL 17958778, at *2–4 (S.D. Ohio 2022) (applying Ohio law, enforcing electronically accepted arbitration agreement, and dismissing case where all claims were arbitrable).

Finally, the TOU delegates the issue of arbitrability to the arbitrator by incorporating AAA rules (*see* Doc. 26-1 at 14).  Under settled federal law, that is clear and unmistakable evidence of delegation.  *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 845 (6th Cir. 2020) (finding "the incorporation of the AAA Rules [means] the parties had 'clearly and unmistakably' agreed to arbitrate 'arbitrability'") (quoting *McGee v. Armstrong*, 941 F.3d 859, 866 (6th Cir. 2019)).  Therefore, this Court must respect that delegation and has "no business weighing the merits."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68–69 (2019).

### CONCLUSION

This case must be dismissed because: (1) Plaintiffs' claims rest on the Hoopla platform and fall within the broad scope of the arbitration clause; (2) the FAA applies; (3) even if it did not, Ohio law applies under the TOU's choice-of-law clause; and (4) the TOU delegates arbitrability to the arbitrator.  Defendant's Motion to Compel Arbitration (Docs. 26, 43) is therefore granted.  This case is dismissed without prejudice to Plaintiffs' pursuit of their claims in arbitration.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　_s/ Jack Zouhary_
　　　　　　　　　　　　　　　　　　　　JACK ZOUHARY
　　　　　　　　　　　　　　　　　　　　U. S. DISTRICT JUDGE

　　　　　　　　　　　　　　　　　　　　April  1,  2026

4